# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SIDNEY GIBSON,**
    **Petitioner,**
v.                                        **Case No. 4:19cv391-WS/CAS**

**KEATON CORRECTIONS,**
    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On or about August 13, 2019, Sidney Gibson, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was incarcerated at Keaton Corrections in Panama City, Florida. ECF No. 1. He paid the filing fee. *See* ECF No. 3. He alleges he is entitled to credit under the First Step Act to reduce his "term of halfway house placement and supervised release." ECF No. 1 at 3.

On September 19, 2019, the Government filed a Motion for Leave to File an Out-of-Time Response to 28 U.S.C. § 2241 Petition. ECF No. 6. In the same filing, the Government also included a Motion to Dismiss Without Prejudice. *Id*. The Government explains that the subsection of the First Step Act under which Gibson seeks relief did not become effective until July 19, 2019, when the Attorney General promulgated *The First Step Act of 2018: Risk and Needs Assessment System*. *Id*. at 2. The

Government asserts Gibson was "likely unaware that the risk assessment had been promulgated, as of the time he filed his petition on August 19," and further asserts Gibson "first must exhaust his administrative remedies prior to this Court exercising authority over his petition."  *Id*.  The Government concludes, "As such, and considering that in his petition it is apparent that he has not done so, his petition is due [to] be dismissed without prejudice."  *Id*. at 2-3.

In reply, Gibson has filed a motion to strike the Government's response as untimely and also asserts the response is immaterial and scandalous.  ECF No. 7.  As of the date of this Report and Recommendation, the Bureau of Prisons (BOP) website reflects that Gibson is currently located at Orlando RRM, with a release date of October 11, 2019.  *See* www.bop.gov.

The matter was referred to the undersigned U.S. Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes this § 2241 should be dismissed without prejudice.

## Analysis

The U.S. Attorney General, acting through the BOP, administers a

federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and to compute sentence credit awards after sentencing.   18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F. 3d 745, 747 (11th Cir. 1995).   After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction.   See Rodriguez, 60 F. 3d at 747; U.S. v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000).   Although a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect, exhaustion of such remedies remains a requirement before habeas relief may be granted.   Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015).   "The exhaustion requirement applies to the computation of sentence credit awards."   Barron v. Adduci, No. 7:15cv1258/AKK-TMP, 2016 WL 3958729 at *1 (N.D. Ala. June 14, 2016).

In this case, nothing indicates Gibson exhausted his administrative remedies before filing this § 2241 petition.   See ECF No. 1 at 3; ECF No. 6 at 3-4; ECF No. 7.   Accordingly, this petition should be dismissed without prejudice.   See, e.g., DeJesus v. Woods, No. 2:19cv121-WHA, 2019 WL 3326199 at *5 (M.D. Ala. June 21, 2019) (report and recommendation for

dismissal of § 2241 petition seeking good conduct time and placement on home confinement under First Step Act as premature and explaining, even if ripe for review, court would not address merits of claims because petitioner did not exhaust administrative remedies); <u>Haynes v. Edge</u>, No. 2:19cv15, 2019 WL 3326221 at *2 (S.D. Ga. June 12, 2019) (report and recommendation for dismissal of § 2241 petition seeking good conduct credit under First Step Act as premature and, even if not premature, petition "would be subject to dismissal because he failed to exhaust his available administrative remedies prior to the filing of this Petition").

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the Government's Motion for Leave to File an Out-of-Time Response (ECF No. 6) be **GRANTED**, the Government's Motion to Dismiss Without Prejudice (ECF No. 6) be **GRANTED**, Petitioner's motion to strike (ECF No. 7), be **DENIED**, and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED without prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on October 8, 2019.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.